(594 P 2d 269)

No. 50,748

IN THE INTEREST OF JERRY BREHM, a minor under the age of eighteen.

ORDER

*En Banc*

SPENCER, J.: This is an appeal by the natural mother of a child under the age of eighteen years from an order finding the child to be deprived and severing the mother's parental rights. K.S.A. 1978 Supp. 38-824.

The issue now before this court does not involve the merits of the appeal, but rather the right of the natural mother to be provided with court-appointed counsel and provision for necessary expense on appeal to this court.

Following a hearing at which the mother was represented by counsel assigned pursuant to K.S.A. 1978 Supp. 38-820, the trial court made findings of fact and entered conclusions of law. Those deemed relevant to the issue now under consideration are in substance that the minor child is neglected, dependent, and abused; that the mother is an unfit person to have custody of the child; and that the parental rights of the natural mother in the child are forever severed.

Notice of appeal was filed, followed by a request for the transcript and a certificate of appellant's indigency. A transcript has been prepared and filed with the clerk of the district court,

but the question remains as to payment of the reporter's fees.

We now have before us a motion by the court-appointed counsel seeking permission to withdraw as attorney for appellant, and a motion on behalf of the appellant seeking additional time in which to file her brief. Accompanying these motions and as justification for the relief sought is a copy of the order entered by the trial court under date of January 8, 1979, on the motion of counsel for the natural mother requesting an order of appointment and a determination of her indigency. We learn from that order that the court did indeed find the natural mother to be an indigent person, but the court denied the request for appointment of counsel pending appeal and for the assessment of court costs, printing, and transcription costs to the county. It was concluded that, absent any legislative authorization, the court was unable to assess such costs to the public. It was there determined that all such costs and expenses are the sole responsibility of the appealing party. In the motions before us it is pointed out that, absent financial assistance in meeting the actual and necessary expense involved on the appeal, including the cost of the transcript and the preparation of briefs, all of which appellant is financially unable to provide, the efforts of her present counsel of record would be of no avail. Because of the gravity of the issues raised by these motions, it is deemed of importance to the bench and bar of this state that the position of this court on the issues be published.

The trial judge was technically correct in that there is no specific legislative authority for the appointment of counsel for an indigent person on appeal from an order severing parental rights. However, there is no doubt that the relationship of natural parent and child is a fundamental right of which neither may be deprived without due process of law as guaranteed by the Constitution of the United States and the Kansas Bill of Rights. Nor can there be any doubt that, in such case, the right to counsel, either retained or appointed, is essential to due process. *In re Gault*, 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428 (1967). The foregoing was recognized by our legislature by the enactment of K.S.A. 1978 Supp. 38-820 which provides for the assignment of an attorney at trial level for any such parent who is unable to employ counsel, and in the appeal provisions of K.S.A. 1978 Supp. 38-834b which provide among other things that the costs of

transcripts and records on appeal shall be taxed by the court to which the appeal is taken in the manner therein set forth.

This court, in unpublished orders, has taken and now reaffirms the position that, absent a statutory provision to the contrary and absent limitation by the appointing authority, the responsibilities and duties of court-appointed counsel continue until final resolution of the cause for which assigned. Such occurs only after judgment has been rendered, the availability of an appeal has been exhausted, and the time for any rehearing or final review has passed. In so doing, we have followed the precepts of *State v. Choens,* 224 Kan. 402, 580 P.2d 1298 (1978), and *State v. Heath,* 222 Kan. 50, 563 P.2d 418 (1977).

In *State v. Taylor,* 202 Kan. 202, 204-205, 447 P.2d 806 (1968), our Supreme Court, in considering provisions for supporting services to assist counsel for an indigent in making an adequate defense to criminal charges, stated:

"In the absence of statute the duty to provide such may arise and be exercised because of an inherent authority in courts to provide a fair and impartial trial as guaranteed by Section ten of the Kansas Bill of Rights and the due process clause of the United States constitution."

Similarly, there is inherent authority in courts to provide for counsel in order to provide a fair and impartial hearing of matters involved in severance of parental rights.

In response to the invitation of this court, the Attorney General of Kansas has filed herein a "Memorandum Concerning Appointed Counsel for Indigent Parents on Appeal of a Severance Action." In this, that office makes note of the case of *Goldberg v. Kelly,* 397 U.S. 254, 262-263, 25 L.Ed.2d 287, 90 S.Ct. 1011 (1970), wherein it is stated:

"The extent to which procedural due process must be afforded the recipient is influenced by the extent to which he may be 'condemned to suffer grievous loss' . . . ."

and the case of *Griswold v. Connecticut,* 381 U.S. 479, 495, 14 L.Ed.2d 510, 85 S.Ct. 1678 (1965), where it is said:

"The entire fabric of the Constitution and the purposes that clearly underlie its specific guarantees demonstrate that the rights to marital privacy and to marry and raise a family are of similar order and magnitude as the fundamental rights specifically protected."

The Attorney General makes note of the fact that the United States Supreme Court has consistently taken the view that the

parent-child relationship is a constitutionally recognized and protected interest. It is also noted that various state courts have determined that an indigent parent is entitled to counsel when appealing a severance action by specific reference to *Reist v. Bay Circuit Judge,* 396 Mich. 326, 349, 241 N.W.2d 55 (1976), wherein it is stated:

"Having concluded that the right to assigned counsel in parental rights termination proceedings is process due the indigent parent, we also conclude that indigent parents are entitled to meaningful and adequate access to the appellate process and that this right can only be achieved through the representation by counsel and providing counsel with necessary transcripts. The Equal Protection Clause requires that indigent parents be provided counsel for prosecuting the first appeal as of right to the circuit court and such transcripts as counsel requires."

and to *Davis v. Page,* 442 F. Supp. 258, 264 (S.D. Fla. 1977), wherein it is stated:

"While a dependency proceeding is not a criminal proceeding, it is substantially similar. The state is the initiating party, the proceeding is formal, and the potential loss is quite substantial. Since the state is threatening the deprivation of a fundamental interest, it must provide counsel to indigent parents unless it can demonstrate a compelling state interest in not providing counsel. Since the state has 'no' compelling interest in not providing counsel, the equal protection clause of the Fourteenth Amendment requires the provision of counsel to indigent parents in dependency proceedings."

The Attorney General concludes that, "In light of current judicial trends, counsel should be appointed for an indigent parent on appeal of a severance action." We agree.

In this case, it is held that the responsibilities and duties of counsel assigned to the natural parent by the trial court continue on appeal to this court. It is further held that a natural parent, whose parental rights in a child under the age of eighteen years have been severed, is entitled to the assignment of an attorney-at-law on appeal to the appellate courts of this state from such adjudication if that parent is financially unable to employ counsel. Such assignment is to be made by the judge of the district court in which the order or decree of severance is entered, and reasonable fees and expenses for such attorney are to be taxed as costs on appeal to be assessed and paid in the manner provided by K.S.A. 1978 Supp. 38-834b.

Accordingly, the motion of appellant's counsel to withdraw is denied and appellant is granted thirty days from the date of filing this opinion in which to file her brief.