(615 P.2d 801)

No. 51,411

In the Interest of MARIE ANN WATSON, A Child
Under 18 Years of Age.

Opinion filed August 15, 1980.

*J. Michael Lehman,* of Goering, Lehman & Blanton, of Wichita, for appellant Barbara A. Watson, the natural mother of Marie Ann Watson.

*Robert R. Hiller, Jr.,* of Wichita, for appellee Kansas State Department of Social and Rehabilitation Services.

Before REES, P.J., SPENCER and MEYER, JJ.

MEYER, J.: Barbara A. Watson (appellant) appeals from the trial court's order severing her parental rights pursuant to K.S.A. 1979 Supp. 38-824(c).

Appellant first claims that the court erred in overruling her objections to expert testimony because of improper foundation.

Appellant objected to the testimony of Dr. Margie L. Cowan, a clinical psychologist. Dr. Cowan's testimony regarding appellant's past mental history was based upon copies of psychological evaluation reports made by others and dated from October 1967 until September 1976. Her evaluation of appellant's present condition was based upon copies of reports of tests administered later by a Mr. Eyman and by Dr. Cowan herself. Appellant specifically objected to Dr. Cowan's conclusion that appellant would be unable to change her present parenting abilities as it was based upon a comparison of present test results with the past

reports of earlier tests. Reports of the earlier test results were not offered into evidence.

K.S.A. 60-456(*b*) provides:

"If the witness is testifying as an expert, testimony of the witness in the form of opinions or inferences is limited to such opinions as the judge finds are (1) based on facts or data perceived by or personally known or made known to the witness at the hearing and (2) within the scope of the special knowledge, skill, experience or training possessed by the witness."

Thus, an expert must base his testimony upon facts personally perceived by or known to him or made known to him at the hearing.

" 'Perceived' means knowledge acquired through one's own senses. (K.S.A. 60-459[*c*].) 'Made known' refers to facts put into evidence." *Plains Transp. of Kan., Inc. v. King,* 224 Kan. 17, 21, 578 P.2d 1095 (1978).

See also *Casey v. Phillips Pipeline Co.,* 199 Kan. 538, 546, 431 P.2d 518 (1967).

The rationale for this rule was stated in *Staudinger v. Sooner Pipe & Supply Corporation,* 208 Kan. 100, 105, 490 P.2d 619 (1971):

"The province of an expert witness is to aid a jury in the interpretation of technical facts or to assist in understanding the material in evidence and not to state simple conclusions based upon facts which could be, but which have not been placed in evidence."

The facts and data in this case which were the basis for Dr. Cowan's conclusion that appellant could not change her parenting abilities were primarily test reports prepared by persons other than Dr. Cowan. Dr. Cowan could not have made the comparison with past abilities without the earlier reports. Therefore, they were not perceived by the witness.

In the case at bar, the evidence of prior evaluations and the current test results by Mr. Eyman were hearsay. There was no attempt to show any applicable exception to the hearsay rule. No attempt was made to qualify the reports as regular business entries nor is there any indication that the persons making them were unavailable as witnesses as required by K.S.A. 60-460(*d*)(3).

"Hearsay evidence is not admissible in the adjudicatory stage of a proceeding to terminate parental rights." *In re Johnson,* 214 Kan. 780, Syl. ¶ 1, 522 P.2d 330 (1974).

When expert testimony is based on hearsay, it does not meet the requirements of K.S.A. 60-456(*b*). In *Mesecher v. Cropp,* 213 Kan.

695, 701-2, 518 P.2d 504 (1974), an examining physician was allowed to testify about findings made in a report prepared by a neurosurgeon who was not at trial. The appellate court noted that those facts or data were not perceived by or personally known to him, nor were they made known to him at the hearing in any acceptable way. The court concluded that the testimony was inadmissible.

Appellee cites *In re Kerns,* 225 Kan. 746, 594 P.2d 187 (1979), for the proposition that the testimony was admissible. *Kerns* is distinguishable in that the tests from which the psychologist testified were administered by him and were, thus, within his personal knowledge. Further, the witness' written reports of the tests, results and conclusions had previously been admitted without objection.

The opinion testimony of Dr. Cowan founded upon the earlier reports was inadmissible in this case. However, in order to constitute reversible error, the error must be prejudicial. In this case, there was other competent evidence to support the finding of unfitness.

Not all of Dr. Cowan's testimony was based on hearsay, and that which was not was properly admitted and considered. The doctor had personally observed Barbara and Marie Watson (appellant and her daughter) interacting together for approximately one hour. She testified that there was evidence that appellant had a possible neurological impairment. The behaviors that she directly observed included emotional lability on the part of appellant and a very, very limited stability of emotional response. Dr. Cowan, from personal observation, found that appellant would become very forceful with the infant, grabbing hold of her arm, forcing her to do something, talking rather loudly to the child, teasing her, much like one would tease a pet rather than a child. Dr. Cowan further testified that appellant displayed a "very distorted" judgment of what a ten-month-old child should be able to do and that appellant was lacking in the knowledge of what was socially appropriate for a given situation. Dr. Cowan also testified that the minor child was a totally different infant when the child interacted with her foster mother, and that while with the foster mother the child was more expressive and emotionally responsive than when with her natural mother.

A security officer for a department store testified that when

appellant was stopped for shoplifting, she became angry and picked up the child from her baby carrier and threw her to the floor, causing the subsequent hospitalization of the child.

Yet another witness, a social worker employed by SRS, testified that appellant refused to sign a medical consent for treatment when the child was transported by ambulance to the hospital following the incident above.

Another witness, an occupational therapist at the medical center where the child was taken, testified regarding her observations of the interactions between the appellant and her child. She noted that there were very inappropriate expectations by appellant as to her child, and that the child withdrew from her mother. In comparison, the witness testified that when the child was with her foster mother, she was smiling, laughing, and able to initiate play, and would vocalize.

Several other witnesses testified that (1) there was substantial improvement in the child after she was placed with foster parents; (2) appellant changed addresses numerous times and had not maintained consistent employment; (3) appellant failed to keep appointments and had stated she felt that parenting classes were so boring that she did not want to go to them again; (4) appellant refused to have psychological evaluation or counseling; and (5) appellant was capable of giving the child her bottle and changing her diaper, but had very little ability beyond that.

Furthermore, the guardian ad litem recommended severance of parental rights. All of the numerous witnesses called, other than the appellant, also recommended severance and indicated appellant had an inability to change from her present parenting abilities.

While it was error to admit into evidence the portions of Dr. Cowan's testimony founded on hearsay, the error was harmless since clear and convincing evidence, excluding the hearsay, sufficiently supported the finding of parental unfitness. See *In re Johnson,* 214 Kan. 780.

Appellant also complains that the court erred in overruling counsel's objection to expert testimony on the basis that it was speculative and conjectural.

Dr. Cowan was asked the question, "Based on your observations of the mother and daughter both, is there any indication to you as examiner of a possible physical abuse by the mother of the

child?" Appellant objected on the grounds that the answer called for was mere speculation and conjecture. This objection was overruled. Dr. Cowan answered by stating, in part, that:

"Based on the observations of Marie with the mother and the mother's overall psychological make-up, I would have to predict that the possibility of abuse is very, very strong."

"Where opinion testimony of an expert medical witness is speculative or conjectural in nature, based upon possibility and not probability, it cannot be admitted in evidence over objection." *St. Clair v. St. Clair,* 211 Kan. 468, Syl. ¶ 5, 507 P.2d 206 (1973).

"Where there is little factual data, computations based upon assumption and speculation should not be received in evidence." *Lollis v. Superior Sales Co.,* 224 Kan. 251, 258, 580 P.2d 423 (1978).

Here, in spite of the fact that the word "possibility" was used, the fact that the witness stated that the possibility was "very, very strong" indicates that she was thinking and speaking in terms of probability.

As to the sufficiency of the factual data upon which to base her opinion, the observation by Dr. Cowan of the interaction between the mother and child, while limited, was sufficient given the additional testimony that continual rejection by a child of a parent leads to frustrations by the parent which can cause abuse.

Regardless, the fact that this evidence may have been speculative need not alter the outcome of this case in that there was other evidence, not of the mere possibility of abuse, but the factual certainty of past abuse evident from the testimony that the child was thrown to the floor on one occasion.

Appellant next complains that the trial court erred in overruling an objection to testimony it is claimed was offered by the witness not in response to a question.

While Dr. Cowan was testifying in response to a question, she was interrupted by defense counsel making an objection. After said objection, she was allowed to continue her answer in response to the question asked before the interruption. The answer was thus responsive to the question.

Appellant complains that the court improperly sustained objections to counsel's inquiry as to the prospective adoption of the child by the foster parents. There was no error because, apart from relevancy, the witness stated she had no knowledge of whether the foster parents were going to adopt the little girl. A response by the witness to the question would be speculative and beyond her knowledge.

Appellant also claims the court erred in overruling counsel's objections to leading questions.

The witness was asked, "Based on your testing then, and observations, would you recommend that Marie be returned to her mother's custody?", and then was asked, "Would you recommend that parental rights be severed?"

The most that can be said of rulings regarding these questions is that if error, same are harmless.

Appellant claims there was not sufficient clear and convincing evidence to support the trial court's finding of unfitness.

"In reviewing the sufficiency of evidence to support a finding of unfitness, the evidence is viewed from the aspect most favorable to the findings made by the trial court. [Citation omitted.] A parent will not be permanently deprived of parental rights with respect to a dependent and neglected child unless there is clear and convincing evidence." *In re Kems,* 225 Kan. at 753.

The evidence was clear and convincing that appellant was emotionally unable to meet the needs of the child.

"Inherent mental and emotional incapacity to perform parental obligations can constitute such breach of parental duty as to make the parents unfit to be entrusted with custody of their child." *In re Penn,* 2 Kan. App. 2d 623, 625, 585 P.2d 1072 (1978).

As noted above, even without the testimony which was admitted in error, there was clear and convincing evidence to support the finding of unfitness.

Appellant's final claim of error is that the court improperly considered evidence outside the record as to "bonding" between an infant and a parent figure.

The trial court stated:

"I cannot ignore expert testimony that I have heard on this bonding issue over the last two and a half years that the first two years of a baby's life are the most crucial for bonding to parent figures . . . and that a failure of such bonding has a very detrimental effect on the entire future ability of the child to form lasting relationships. Dr. Cowan touched on that in her testimony yesterday."

There was no prejudicial error in this statement by the court as there was testimony regarding bonding in evidence from both Dr. Cowan and one Dr. Davis. The fact that the judge gave substantial weight to this testimony because of his prior experience is not grounds for reversal.

Appellant's motion for assessment of attorney fees is consid-

ered and appellant is awarded $1,048.33, same to be paid by Sedgwick County, Kansas. *In re Brehm,* 3 Kan. App. 2d 325, 594 P.2d 269 (1979).

Affirmed.