(988 P.2d 241)
No. 82,601

## In the Interests of T.M.C., A.M.C., and D.E.C., Minor Children.

Opinion filed July 16, 1999.

*Stephen W. Freed*, of Manhattan, for appellant.

*William E. Kennedy III*, county attorney, for appellee.

*Rodney C. Olsen*, of Morrison, Frost & Olsen, of Manhattan, guardian ad litem.

Before BRAZIL, C.J., GREEN and KNUDSON, JJ.

KNUDSON, J.: Tamara M., the natural mother of T.M.C., A.M.C., and D.E.C., appeals from the order of the trial court denying

her request to file an untimely appeal from the order terminating her parental rights. Tamara contends the trial court erred in concluding the principles stated in *State v. Ortiz*, 230 Kan. 733, 736, 640 P.2d 1255 (1982), which allow a criminal defendant to file a notice of appeal out of time are not applicable in a termination of parental rights proceeding. The Riley County Attorney agrees that the trial court erred.

We reverse and remand the trial court's order denying Tamara's application to file her appeal out of time.

For purposes of this appeal, the controlling facts are not in dispute. Tamara was not informed by her court-appointed attorney that she had 30 days after the entry of judgment to file her appeal. There is likewise no indication that the trial court informed Tamara of the 30-day period. In denying Tamara's application to file her appeal out of time, the trial court concluded it lacked jurisdiction. The trial court also noted: Tamara and her trial attorney discussed the merits of an appeal immediately after her parental rights were severed; her attorney told her an appeal would be groundless and that he did not want to file an appeal for her; her attorney took no affirmative action to file a timely appeal. Nevertheless, there is no evidence that Tamara was even aware that a notice of appeal must be filed within 30 days after the final order was entered. Thus, we are left with this issue—does fundamental fairness require that Tamara be allowed to pursue her appeal?

K.S.A. 1998 Supp. 38-1591 provides that the procedures on appeal in a termination proceeding shall be governed by article 21 of chapter 60 of the Kansas Statutes Annotated. K.S.A. 1998 Supp. 60-2103(a) reads:

"When an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be 30 days from the entry of the judgment, as provided by K.S.A. 60-258, and amendments thereto, except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed."

The right to an appeal is a statutory right, not a right vested in the United States or Kansas Constitutions. Ordinarily, an appellate court has jurisdiction to entertain an appeal only if the appeal is

taken within the time limitations provided by the statute. *State ex rel. Secretary of SRS v. Keck*, 266 Kan. 305, 308, 969 P.2d 841 (1998). However, in addition to the statutory concept of excusable neglect, our courts have crafted a unique circumstances exception. See *Schroeder v. Urban*, 242 Kan. 710, 713, 750 P.2d 405 (1988).

Because Tamara had notice of the judgment, the exception of excusable neglect is not applicable. Further, the unique circumstances exception only applies when an untimely filing was the result of an error of the court. See *Nguyen v. IBP, Inc.*, 266 Kan. 580, 587, 972 P.2d 747 (1999); *Schroeder v. Urban*, 242 Kan. at 713.

Likewise, it is the general rule that appellate courts do not have jurisdiction to entertain an appeal in a criminal case unless a notice of appeal is filed within the statutory period. See K.S.A. 22-3608. However, in *State v. Ortiz*, in the interest of fundamental fairness, the Supreme Court recognized an exception to this general rule where a defendant either was not informed of his or her right to appeal, or was not furnished an attorney to perfect an appeal, or was furnished an attorney for that purpose who failed to perfect and complete an appeal. 230 Kan. at 736.

There are no Kansas cases that have extended the fundamental fairness exception as explained in *Ortiz* to civil proceedings. Because a parent has a constitutional right to counsel in order to afford fairness and impartiality in termination proceedings under K.S.A. 1998 Supp. 38-1581 *et seq.*, we conclude it is proper to apply the fundamental fairness exception to an untimely appeal from a termination order.

Termination of parental rights proceedings affect important substantive due process rights. It is well settled that basic parental rights are fundamental rights protected by the Fourteenth Amendment to the Constitution of the United States and cannot be abrogated except for compelling reasons. See *In re Adoption of K.J.B.*, 265 Kan. 90, 101, 959 P.2d 853 (1998); *In re J.J.B.*, 16 Kan. App. 2d 69, 73, 818 P.2d 1179 (1991).

Under K.S.A. 1998 Supp. 38-1505(b), the court must appoint an attorney at any stage of the proceedings under the Kansas Code for the Care of Children for a parent who desires counsel but is

financially unable to employ one. Prior to the enactment of 38-1505, this court addressed the issue of whether an indigent parent had the right to be provided with court-appointed counsel on appeal from an order terminating parental rights. In *In re Brehm*, 3 Kan. App. 2d 325, 326, 594 P.2d 269 (1979), this court stated:

"[T]here is no doubt that the relationship of natural parent and child is a fundamental right of which neither may be deprived without due process of law as guaranteed by the Constitution of the United States and the Kansas Bill of Rights. Nor can there be any doubt that, in such case, the right to counsel, either retained or appointed, is essential to due process. *In re Gault*, 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428 (1967)."

This court also noted that similar to those cases recognizing the inherent authority of courts to appoint counsel to provide fair and impartial trials for criminal defendants, "there is inherent authority in courts to provide for counsel in order to provide a fair and impartial hearing of matters involved in severance of parental rights." 3 Kan. App. 2d at 327. "[T]he responsibilities and duties of counsel assigned to the natural parent by the trial court continue on appeal to this court." 3 Kan. App. 2d at 328.

Applying the fundamental fairness exception to an appeal filed from a termination of parental rights order is not inconsistent with this court's holding in *Robinson v. State*, 13 Kan. App. 2d 244, 249, 767 P.2d 851, *rev. denied* 244 Kan. 738 (1989). In *Robinson*, this court held the defendant's rights under the Due Process Clause of the Fourteenth Amendment were not violated when his appeal from the dismissal of his K.S.A. 60-1507 petition was dismissed due to the failure of his counsel to timely perfect the appeal.

In reaching its conclusion, the *Robinson* panel discussed *Evitts v. Lucey*, 469 U.S. 387, 83 L. Ed. 2d 821, 105 S. Ct. 830 (1985). The Court in *Evitts* held the dismissal of a criminal defendant's direct appeal violated the defendant's due process rights when the dismissal was the result of ineffective assistance of counsel. The *Robinson* panel noted the constitutional right to effective assistance of counsel compelled the Court in *Evitts* to hold that an appeal may not be cut off due to ineffective assistance of counsel. Because the constitutional right to counsel does not exist in a post-convic-

tion 60-1507 proceeding, the defendant in *Robinson* could not save his untimely appeal. 13 Kan. App. 2d at 249-50.

As indicated, a parent's right to counsel in an appeal from a termination of parental rights proceeding is founded on constitutional grounds. See *In re Cooper*, 230 Kan. 57, 64, 631 P.2d 632 (1981); *In re Brehm*, 3 Kan. App. 2d at 328. Tamara's appeal, therefore, cannot be cut off due to the ineffective assistance of counsel.

Reversed and remanded with directions that appellant is to docket her appeal, pursuant to Supreme Court Rule 2.04 (1998 Kan. Ct. R. Annot. 10), within 21 days after receipt of the mandate by the district court.