(238 P.3d 752)
No. 101,824

STATE OF KANSAS, *Appellee*, v. JOHN D. HOWARD, *Appellant*.

Opinion filed
September 10, 2010.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, for appellee.

Before STANDRIDGE, P.J., GREEN and HILL, JJ.

GREEN, J.: This case comes before us for the second time on direct appeal after the trial court found that Howard's first appellate counsel was ineffective in failing to adequately supplement the appellate record, which prohibited this court from adequately considering Howard's argument concerning his forced removal from the courtroom during a motions hearing. After finding that Howard's appellate counsel was ineffective, the trial court provided relief in the form of a second direct appeal. Nevertheless, we determine that the trial court did not have the authority to order a second direct appeal, and this court does not have jurisdiction to consider a second direct appeal. Accordingly, we dismiss Howard's current appeal.

In his underlying criminal case, Howard was found guilty by a jury of severity level 4 aggravated battery and sentenced to 144 months in prison. Howard's conviction was based upon an incident that occurred when he and his friend, Cooper Tunnell, went to the home of Matthew Brantley and an altercation ensued between the three men. During the incident, Howard hit Brantley with a shotgun. Brantley sustained injuries during the altercation and received treatment for a lacerated scalp and a hairline skull fracture.

Howard and Tunnell were tried together. After being convicted by a jury of severity level 4 aggravated battery, Howard filed a direct appeal with this court. One of the issues raised by Howard in his direct appeal was that the trial court erred in ordering him from the courtroom during a motions hearing. In rejecting Howard's argument, this court noted that Howard had failed to object to the trial court's statement about leaving the courtroom. Moreover, this court determined that the record failed to show that Howard was actually required to leave the courtroom. This court also rejected the remainder of Howard's arguments and affirmed his conviction and sentence. *State v. Howard*, No. 96,620, unpublished opinion filed November 21, 2007.

Howard's appellate counsel attempted to file a petition for review, but it was beyond the 30-day time period. Although Howard's appellate counsel moved to file the petition for review out of time, the motion was denied.

Howard later moved for relief under K.S.A. 60-1507 and raised ineffective assistance of counsel claims. Specifically, Howard argued that his trial counsel was ineffective for failing to make a contemporaneous objection to his removal from the courtroom during the motions hearing. Howard further argued that his appellate counsel was ineffective for failing to supplement the record and provide a complete record so that this court could adequately address the issue of his removal from the courtroom during the motions hearing.

The trial court held an evidentiary hearing on Howard's K.S.A. 60-1507 motion. In a written order, the trial court found that defense counsel's conduct in failing to object to Howard's removal from the courtroom was deficient. The trial court determined, however, that the errors committed by Howard's trial counsel were not so serious as to deprive Howard of a fair trial. Accordingly, the trial court denied Howard relief on his K.S.A. 60-1507 motion.

On the other hand, the trial court determined that appellate counsel's failure to adequately supplement the record and his failure to timely file the petition for review prohibited the appellate court from considering Howard's argument concerning his removal from the courtroom. The trial court further found that the errors of Howard's appellate counsel, combined with the court reporter's failure to accurately record the events of the trial, prohibited Howard from receiving a fair appeal. Further, the trial court determined that there was a reasonable probability of a different outcome had appellate counsel not committed error.

As a remedy, the trial court allowed Howard to file a second direct appeal in his criminal case with a supplemented appellate record on his allegation of his involuntary absence from the courtroom during the motions hearing. The trial court ruled that if this court did not grant Howard relief, Howard's petition for review to our Supreme Court should be allowed to include the issue of his absence from the courtroom and any of the issues raised in his

original untimely petition for review. On January 7, 2009, nearly 3 years after his criminal conviction and sentencing, Howard filed a second notice of appeal in his criminal case.

Importantly, neither the State nor Howard has filed an appeal in Howard's K.S.A. 60-1507 case. As a result, the trial court's rulings in that case are not before this court for review. The only case presently before this court is Howard's second direct appeal in his criminal case.

On July 12, 2010, this court issued an order to the parties to show cause why this appeal should not be dismissed for lack of jurisdiction. In the show cause order, the parties were directed to provide this court with authority concerning whether the trial court can order a second direct appeal and whether this court has jurisdiction to consider a second direct appeal in Howard's criminal case.

The issue of subject matter jurisdiction may be raised at any time by a party or by a court, including an appellate court. An appellate court's standard of review on the issue of subject matter jurisdiction is unlimited. *State v. Patton*, 287 Kan. 200, 205, 195 P.3d 753 (2008).

Kansas appellate courts have jurisdiction only as provided by law. See K.S.A. 22-3608; *Patton*, 287 Kan. at 206. The right to appeal is controlled by statute. Under K.S.A. 22-3602(a), a criminal defendant can appeal from any judgment against the defendant in the district court and "upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed." A judgment has been rendered when the defendant has been convicted and sentenced or imposition of sentence suspended. *City of Topeka v. Martin*, 3 Kan. App. 2d 105, 590 P.2d 106 (1979). A criminal defendant has 10 days from sentencing to file a notice of appeal. See K.S.A. 22-3608(c); *State v. Bost*, 21 Kan. App. 2d 560, Syl. ¶ 1, 903 P.2d 160 (1995). There is no statutory provision authorizing a second direct appeal.

Kansas courts have held that in the interest of fundamental fairness, a defendant may file a late direct appeal under the following narrow exceptional circumstances: (1) when the defendant has not been informed of his or her right to appeal; (2) when the defendant

has not been furnished an attorney to perfect his or her appeal; and (3) when the defendant has been furnished an attorney who failed to perfect the appeal. See *Patton*, 287 Kan. at 206; *State v. Ortiz*, 230 Kan. 733, 735-36, 640 P.2d 1255 (1982).

In his response to the show cause order, Howard argues that Kansas appellate courts "have expanded the scope of the appellate statutes on the basis of fundamental fairness and have granted the district courts the ability to implement such actions." Howard asserts that the trial court's ruling allowing him to file a second direct appeal was authorized under the decisions in *Kargus v. State*, 284 Kan. 908, 169 P.3d 307 (2007); *Brown v. State*, 278 Kan. 481, 101 P.3d 1201 (2004); *Ortiz*, 230 Kan. 733; and *In re T.M.C.*, 26 Kan. App. 2d 297, 988 P.2d 241 (1999).

Nevertheless, the language pointed to by Howard in those cases involves situations where an attorney's deficient conduct denied a defendant's or a K.S.A. 60-1507 movant's right to an appeal or prevented our Supreme Court from considering a timely petition for review. See K.S.A. 22-3602(a); K.S.A. 20-3018(b); see also *Kargus*, 284 Kan. at 929 (holding that if defendant could establish ineffective assistance of counsel in failure to file petition for review in his direct appeal, then appropriate remedy would be to allow filing of petition for review out of time); *Brown*, 278 Kan. at 484-86 (holding that appointed counsel's failure to timely notify K.S.A. 60-1507 movant that motion was denied and that movant had right to appeal entitled movant to file notice of appeal out of time for original K.S.A. 60-1507 motion); *Ortiz*, 230 Kan. at 736 (recognizing that exception to requirement of timely filing of notice of appeal exists in cases where defendant either was not told of right to appeal or was not furnished attorney to exercise those rights or was furnished attorney for that purpose who failed to perfect and complete appeal).

Unlike the cases where the defendant or a K.S.A. 60-1507 movant has been deprived of the right to file an appeal or a petition for review, a right to which he or she was entitled by law, Howard has not been deprived of such a right. Howard has already exercised his right to file a direct appeal in his criminal case. This court affirmed Howard's convictions in the unpublished opinion filed on

November 21, 2007, and the mandate in his criminal case was issued on December 26, 2007. Since that time, there has been no new conviction and sentence from which Howard is entitled to file a direct appeal under K.S.A. 22-3602(a).

As pointed out by Howard in his response to the show cause order, the plain language of K.S.A. 60-1507(b) limits the authority of the trial court as follows:

"(b) *Hearing and judgment.* Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the county attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. The court may entertain and determine such motion without requiring the production of the prisoner at the hearing. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence said prisoner or grant a new trial or correct the sentence as may appear appropriate."

Thus, K.S.A. 60-1507(b) gives the trial court the authority to vacate and set aside the judgment and discharge the prisoner, resentence the prisoner, grant a new trial, or correct the sentence. Nothing in K.S.A. 60-1507 provides the trial court with authority to grant a second direct appeal.

If the trial court in this case found that Howard's argument concerning his forced removal from the courtroom had merit and that the conduct by Howard's attorney was deficient and prejudiced Howard, then the proper remedy would have been to grant Howard a new trial. Nevertheless, it is unclear from the trial court's ruling what the trial court actually found. On the one hand, the trial court held that the conduct by Howard's trial counsel in failing to adequately raise an issue before the trial court did not warrant a new trial; but on the other hand, the trial court held that the conduct by Howard's appellate counsel in failing to adequately raise the same issue on appeal warranted a second direct appeal. Such rulings are inconsistent, and, as set out previously, the trial court did not have the legal authority to order a second direct appeal.

It is unnecessary to address the trial court's findings concerning Howard's ineffective assistance of counsel claim in his K.S.A. 60-1507 case any further because neither party appealed the trial court's judgment in that case. Because the trial court lacked the authority to order a second direct appeal, this court does not have jurisdiction to consider Howard's appeal. As a result, we dismiss Howard's appeal.

Appeal dismissed.