NOT DESIGNATED FOR PUBLICATION

No. 112,761

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BENJAMIN ANAYA,
*Appellant.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed November 25, 2015. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jason E. Geier*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., BUSER and SCHROEDER, JJ.

*Per Curiam*:  On appeal, Benjamin Anaya challenges the district court's order imposing restitution without the benefit of a jury's determination of the amount. We find Anaya agreed to pay "verifiable restitution" as a condition of his plea agreement. After a hearing, the district court determined the amount of restitution to be paid. Anaya does not challenge the amount on appeal. Rather, he claims the amount had to be determined by a jury trial pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed 2d 435 (2000). Anaya failed to raise this issue before the district court or to explain why it should be considered for the first time on appeal. We affirm.

1

Anaya was charged with one count of first-degree murder and one count of conspiracy to commit first-degree murder. Pursuant to plea negotiations, in exchange for the dismissal of all other charges, Anaya agreed to plead guilty to one count of conspiracy to commit first-degree murder and to pay verifiable restitution. The factual basis provided and the district court's finding of guilt is not an issue on appeal. The district court accepted Anaya's plea and found him guilty of conspiracy to commit murder in the first degree.

At the sentencing hearing, the State asked for $43,230.77 in restitution: $17,717.22 for funeral expenses, $18,107 for child in need of care (CINC) attorney fees, $3,000 for adoption attorney fees, and $4,406.55 for probate attorney fees. Anaya was furnished the details of the State's request for restitution on the day of the sentencing hearing. Anaya objected to the amount of restitution as not being verified. The district court agreed to hold the restitution issue open for 30 days in order for Anaya to review the restitution requested and to submit any objections.

On June 19, 2014, the district court conducted an evidentiary hearing on restitution. At the hearing, Anaya claimed the $43,230.07 requested for restitution was unreasonable. Anaya agreed the $17,717.22 in funeral expenses was reasonable but disagreed with the CINC, adoption, and probate attorney fees. Additionally, Anaya testified he had no source of funds from which to pay restitution. Following testimony from James Willard, the attorney for the victim's mother, the State asked the district court to mirror Anaya's restitution to the restitution previously awarded against his two co-defendants in the amount of $43,230.77. The district court permitted Anaya to submit his argument on restitution in writing. Anaya argued:  (1) Willard's CINC, adoption, and probate attorney fees for Ashley's estate were unreasonable; (2) any restitution awarded for attorney fees would constitute a windfall to the victim's mother because donations had

been used to pay the legal fees at issue for the adoption; and (3) it did not make sense to require Anaya to pay $43,230.77 when one of his codefendant's was only required to pay $40,486.47. Anaya's brief to the district court contained no mention of *Apprendi*, 530 U.S. 466.

On July 15, 2014, the district court filed its order requiring Anaya to pay $32,639.22 in restitution. On July 16, 2014, Anaya filed a supplemental argument specifically raising *Apprendi*'s application to the determination of his restitution. On July 18, 2014, without explanation, Anaya voluntarily withdrew his supplemental argument regarding *Apprendi* and restitution. Thus, the district court never had an opportunity to consider the argument. Anaya failed to inform this court he voluntarily withdrew his *Apprendi* argument at the district court level.

Anaya timely filed a notice of appeal, specifically appealing the district court's July 15, 2014, restitution order.

ANALYSIS

*Anaya's* Apprendi *argument was not preserved for appeal.*

A defendant may appeal as a matter of right from any judgment against the defendant in the district court and "upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed." K.S.A. 2014 Supp. 22-3602(a). This court's jurisdiction is limited to final judgments. To be final, a defendant must be convicted and sentenced or the imposition of sentence must be suspended. *State v. Howard*, 44 Kan. App. 2d 508, 511, 238 P.3d 752 (2010). A sentence includes restitution, meaning that a defendant is not sentenced unless and until the restitution order is entered. See *State v. McDaniel*, 292 Kan. 443, 446, 254 P.3d 534 (2011). Anaya's sentence was final when the restitution order was entered on July 15, 2014.

3

On appeal, Anaya argues the district court erred by not providing him a jury trial to determine the amount of restitution in violation of *Apprendi*, as raised in his supplemental argument to the district court. Whether the district court violated Anaya's constitutional rights by ordering restitution without a jury determination is a question of law over which this court exercises unlimited review. See *State v. Tyler*, 286 Kan. 1087, 1095-96, 191 P.3d 306 (2008); *State v. Huff*, 50 Kan. App. 2d 1094, 1096-97, 336 P.3d 897 (2014), *rev. denied* 302 Kan. ___ (August 4, 2015). Issues not raised before the trial court cannot be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Generally, constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015).

On appeal, Anaya states:

"It is Mr. Anaya's claim here that a jury should have heard the evidence, not the Court, as a result of the *Apprendi* decision. Mr. Anaya raised the applicability of *Apprendi* by filing a supplemental argument which raised the point. . . . The Court seemingly ignored Mr. Anaya's argument regarding his *Apprendi* argument because the journal entry of judgment, filed after Mr. Anaya's supplemental argument, still set the restitution at $32,639.22 . . . The exact figure determined by the Court in its Memorandum and Order."

These statements are misleading. According to the record on appeal, the district court filed the restitution order on July 15, 2014. Anaya filed his supplemental argument regarding *Apprendi* on July 16, 2014. Not only did Anaya file his supplemental argument after the district court's restitution order was entered, Anaya voluntarily withdrew his supplemental argument 2 days later on July 18, 2014. Anaya failed to inform this court in his brief that he voluntarily withdrew his supplemental argument and actually contends we should consider his *Apprendi* argument on appeal as if it was properly raised before the district court. Additionally, we note Anaya could have corrected this error by filing of

4

a reply brief when the State raised the issue in its brief that Anaya withdrew his *Apprendi* argument before the district court.

Because Anaya filed his supplemental argument after the district court filed its restitution order and then voluntarily withdrew it, his *Apprendi* argument was not raised below and thus his claim has not been preserved for appeal.

There are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including the following: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent a denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). However, even if Anaya's claim met one of the exceptions, Supreme Court Rule 6.02(a)(5) (2014 Kan. Ct. R. Annot. 40) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. *Godfrey*, 301 Kan. at 1044 (Rule 6.02[a][5] will henceforth be strictly enforced); *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014) (cautioning future litigants to comply with the rule). Anaya fails to explain why this court should consider the issue. His *Apprendi* argument was not preserved or properly briefed on appeal and is deemed waived or abandoned.

*Anaya agreed to pay verified restitution.*

Additionally, in Anaya's plea he agreed to pay verifiable restitution. At his sentencing hearing, Anaya objected to the amount of restitution proposed by the State; however, he did not object to the district court determining what constituted verifiable

restitution. The district court held an evidentiary hearing to determine the amount of restitution and at no point did Anaya ask for a jury trial to determine what constituted verifiable restitution. Additionally, in Anaya's application to modify his plea to guilty, the document stated: "I understand and agree that I will be ordered to pay verifiable restitution, even on counts dismissed as part of this plea agreement." In exchange for Anaya's guilty plea to Count 2, conspiracy to commit murder in the first degree, the State agreed to dismiss Count 1, murder in the first degree.

In *State v. Ball*, 255 Kan. 694, 701, 877 P.2d 955 (1994), the Kansas Supreme Court held that when the defendant is actually charged with several counts and agrees to pay restitution for each of the charged offenses in exchange for the State's agreement to dismiss some of the charges, the sentencing court still has authority to enter that agreed-upon restitution award.

Based upon the plea agreement, the district court had authority to order restitution as it determined was verifiable.

Affirmed.