NOT DESIGNATED FOR PUBLICATION

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

No. 122,295
In the Interest of A.V., A Minor Child.

No. 122,296
In the Interest of J.K., A Minor Child.

No. 122,297
In the Interest of B.K., A Minor Child.

MEMORANDUM OPINION

Appeal from Kingman District Court; FRANCIS E. MEISENHEIMER, judge. Opinion filed July 17, 2020. Appeal dismissed.

*Josh V.C. Nicolay*, of Stull, Beverlin, Nicolay & Haas, LLC, of Pratt, for appellant natural mother.

*Matthew W. Ricke*, county attorney, for appellee, and *Gregory C. Graffman*, of Kingman, guardian ad litem.

Before SCHROEDER, P.J., HILL AND GARDNER, JJ.

PER CURIAM: The natural mother (Mother) of A.V., J.K., and B.K. (the children) untimely appeals from the district court's termination of her parental rights. The natural fathers of the children do not participate in this appeal. We consolidate all three cases on appeal for the purpose of one opinion, as the issues raised in each case are identical. Mother acknowledges her appeal is out of time but argues we should allow her appeal to proceed because she was not given notice of the district court's order terminating her parental rights. However, the right to appeal is purely statutory, and Mother has not established a jurisdictional exception to allow her to appeal out of time. The appeal is out

1

of time. We must dismiss the appeal as we have no jurisdiction to address the issues raised by Mother.

FACTS

Although we find we have no jurisdiction to address the merits of Mother's appeal, we briefly set out the facts presented to the district court at the time it determined Mother's parental rights should be terminated. In November 2017, the State filed a child in need of care (CINC) petition, alleging Mother was unable to provide the care or control necessary for her children's physical, mental, or emotional health. Specifically, the State alleged Mother had an extensive history of drug use, domestic violence issues in her home, and had recently been arrested for drug possession. The district court issued temporary custody orders, placing the children in the custody of the Kansas Department for Children and Families (DCF) and requiring Mother to submit to urinalysis (UA), mouth swab, and hair follicle drug screening. In January 2018, the district court ordered the children to be returned to Mother's home and placed on informal supervision by DCF. The district court's order indicated any positive drug test would result in the children being removed from Mother's home.

In March 2018, the children were removed from Mother's home and placed into DCF custody based on a positive drug test for methamphetamine. In April 2018, Mother stipulated the children were children in need of care, and the district court made a CINC adjudication. In May 2018, the district court held a dispositional hearing and ordered dual case plans of reintegration and termination, with the children to remain in DCF custody and Mother to have supervised visits with the children. Following a review hearing in August 2018, the district court allowed the children to be returned to Mother's home; however, any positive drug test would result in removal of the children. In November 2018, the children were again removed from Mother's home based on a positive drug test.

2

Mother was allowed supervised visits with the children, provided she did not fail any more drug tests and remained out of jail.

In December 2018, the district court found reintegration of the children into Mother's home was no longer viable and ordered the State to prepare a motion to terminate Mother's parental rights. In January 2019, the State filed a motion to terminate Mother's parental rights. The district court held a termination hearing on May 6, 2019. At the hearing, the State presented testimony from Cathy May, an aftercare worker with St. Francis Ministries, and Michael Vines, a case manager with St. Francis.

Both May and Vines testified about their attempts to work with Mother and how the process was unsuccessful with Mother unable to complete case plan tasks or to stop using drugs. Mother struggled with maintaining employment, stable housing, and adequate food in the home, and one of the children described fighting between Mother and her husband.

Vines stated Mother was allowed supervised visits beginning February 20, 2019, but only visited with the children two or three times even though no restrictions were placed on the number of visits. Vines testified he had recently visited Mother's home and it was not currently appropriate for the children based on electrical issues that needed to be addressed and the fact Mother was living with someone who had not passed a background check. During Vines' testimony, Mother offered into evidence three exhibits: pay stubs, rent receipts, and a monthly budget. Vines called into question the validity of the rental receipts, noting they were numbered out of order—the May 2019 receipt was numbered before the April 2019 receipt.

The district court issued a written ruling on August 22, 2019, finding Mother was unfit by reason of conduct or condition unlikely to change in the foreseeable future and termination of Mother's parental rights was in the best interests of the children. The

district court expressed concerns about Mother's refusal to submit to drug testing, her inability to maintain regular contact with the children, and her inability or lack of effort to provide for or properly document her ability to provide for the basic needs of the children. The district court was particularly concerned about the lack of thought and effort put into Mother's proposed budget. The district court questioned the validity of the rental receipts Mother introduced into evidence and further found: "The lack of effort by [Mother] to maintain contact with the children and comply with the case plan tasks . . . [was] obvious."

Mother did not file her notice of appeal until October 20, 2019, making it approximately 28 days late. Additional facts are set forth as necessary herein.

ANALYSIS

*We dismiss as Mother's appeal is untimely.*

Mother acknowledges she did not file her notice of appeal within 30 days of the district court's entry of judgment. However, she argues she should be allowed to appeal out of time because she was in jail when the district court entered its final order and was not provided notice of its decision. Mother argues her untimely appeal should be permitted based upon excusable neglect or by extension of the exceptions recognized in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982).

Under K.S.A. 2019 Supp. 60-2103(a), "the time within which an appeal may be taken shall be 30 days from the entry of the judgment, as provided by K.S.A. 60-258, and amendments thereto." Entry of judgment is effective when a journal entry of judgment or final written order signed by the district judge is filed with the clerk of the district court. K.S.A. 2019 Supp. 60-258. Here, the district court's memorandum opinion terminating Mother's parental rights was filed on August 22, 2019. Mother did not file her notice of

4

appeal until October 20, 2019. Failure to file notice of appeal within the time limits prescribed by K.S.A. 2019 Supp. 60-2103 deprives the appellate court of jurisdiction. Where the record discloses a lack of jurisdiction, the appeal must be dismissed. See *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 111, 260 P.3d 387 (2011).

*No excusable neglect*

Mother argues she should be permitted to appeal out of time based on excusable neglect because she did not learn of the judgment within the time limit for taking an appeal. Her argument is unpersuasive. K.S.A. 2019 Supp. 60-2103(a) provides: "[U[pon a showing of excusable neglect based on a failure of a party to learn of the entry of judgment *the district court* in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed." (Emphasis added.) We have no authority to permit an untimely appeal for excusable neglect under the plain language of the statute. Mother could have asked the district court to extend the time for filing based on excusable neglect but did not. The issue was not raised and ruled on below; thus, there is no decision on this point for us to review.

Mother goes on to assert she was "in the custody of the various sheriff departments between July 9, 2019, and October 16, 2019, and thus was not given notice of the Memorandum Opinion filed August 22, 2019." She claims she was unaware the order had been filed, she received no direct notice of filing, and the certificate of service only indicates the order was electronically filed. Mother asserts she promptly notified her attorney that she wished to appeal once she learned of the order. Mother does not explain how and when she actually found out about the termination order. Mother fails to explain how this amounts to excusable neglect, nor does she support her argument with citation to pertinent authority. Failure to support a point with pertinent authority is akin to failing to brief the issue. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018).

Issues not adequately briefed are deemed waived or abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018). The plain language of K.S.A. 2019 Supp. 60-2103(a) and Mother's failure to ask the district court for relief is fatal to Mother's claim relying upon excusable neglect.

*The* Ortiz *exceptions do not apply*.

Mother alternatively argues her out of time appeal should be allowed based on an extension of the *Ortiz* exceptions to termination of parental rights. She argues another panel of this court applied the *Ortiz* exception in *In re T.M.C.*, 26 Kan. App. 2d 297, 299-01, 988 P.2d 241 (1999). She contends we "should apply the fundamental fairness exception . . . recognized in *In re T.M.C.*" because she "was not directly informed of her right to appeal because she was never given direct notice of the Memorandum Opinion that terminated her parental rights." Under the first *Ortiz* exception, a criminal defendant may be permitted to appeal out of time if he or she is not advised of the right to appeal. 230 Kan. at 736. However, the exceptions recognized in *Ortiz* are rooted in fundamental fairness principles based on the *statutory* requirements for the district court to advise a *criminal defendant* of the right to appeal as set forth in K.S.A. 2019 Supp. 22-3424(f). See *Kargus v. State*, 284 Kan. 908, 926, 169 P.3d 307 (2007).

Mother's argument is unavailing because the statutory underpinnings of the *Ortiz* exceptions do not apply to the termination of parental rights. Mother overreads the fairly limited *Ortiz* discussion in *In re T.M.C.* Further, it does not appear the *In re T.M.C.* panel actually applied the *Ortiz* exceptions; rather, the panel discussed the potential application of the *Ortiz* exceptions based on the fact counsel appointed for the natural mother did not inform her of her right to appeal, told her any appeal would be groundless, and took no affirmative action to file an appeal on her behalf. 26 Kan. App. 2d at 300-01. While its reasoning parallels the third *Ortiz* exception (appointed counsel fails to file or perfect appeal on defendant's behalf), the panel ultimately held an out of time appeal should be

6

permitted based on ineffective assistance of counsel because "a parent's right to counsel in an appeal from a termination of parental rights proceeding is founded on constitutional grounds." 26 Kan. App. 2d at 301. Here, Mother does not allege her attorney was ineffective or failed to perform any duty owed to her.

A subsequent decision from another panel of this court explicitly declined to extend the *Ortiz* exceptions in a fairly similar context. In *In re L.B.*, 42 Kan. App. 2d 837, 839-40, 217 P.3d 1004 (2009), the natural mother had not been informed she had the right to appeal with respect to the district court's finding that her child was a child in need of care or its temporary custody orders. The *In re L.B.* panel instead applied the balancing test from *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), to determine whether the natural mother's due process rights would be violated if she was not permitted to appeal out of time. *In re L.B.*, 42 Kan. App. 2d at 840-42. Our Supreme Court explained the *Mathews* test in *In re J.D.C.*, 284 Kan. 155, 166-67, 159 P.3d 974 (2007):

> "A due process violation exists only when a claimant is able to establish that he or she was denied a specific procedural protection to which he or she was entitled. The type and quantity of procedural protection that must accompany a deprivation of a particular property right or liberty interest is determined by a balancing test, weighing: (1) the individual interest at stake; (2) the risk of erroneous deprivation of the interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and (3) the State's interest in the procedures used, including the fiscal and administrative burdens that any additional or substitute procedures would entail. *Mathews*, 424 U.S. at 335."

While the *In re L.B.* panel noted: "The scales of justice most often will tip in favor of a parent's fundamental rights to his or her child," the panel applied the *Mathews* and *In re J.D.C.* balancing test and held the interests of the State and the child outweighed the natural mother's interest in appealing the CINC determination and temporary custody

orders. 42 Kan. App. 2d at 842, 843-44. But the panel did not have to apply the balancing test to the termination of parental rights as the natural mother's appeal was timely with respect to the district court's termination order. See 42 Kan. App. 2d at 844.

However, Mother has not cited to *Mathews*, *In re J.D.C.*, or *In re L.B.* in her brief, and she has not argued the balance of interests affecting her due process rights requires permitting an untimely appeal. A point not raised in a brief is deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). Based on Mother's failure to properly frame the issue under *Mathews*, we find she has not demonstrated a proper basis to overcome the jurisdictional bar to her untimely appeal.

Appeal dismissed.