(50 P.3d 509)

No. 87,942

ROBERT GEORGE WILLIAM DEGRAEVE, *Appellee*, v. NICOLE LEE HOLM, *Appellant*, and JEREMY JAMES DECKER, RICHARD BRUCE, and CHAD E. HOLM, *Respondents*.

Opinion filed July 19, 2002.

*Thomas DeCoursey*, of Kansas City, for appellant.

*Ronald W. Nelson*, of Rose, Nelson & Booth, of Overland Park, for appellee.

Before GERNON, P.J., MARQUARDT and BEIER, JJ.

MARQUARDT, J.: Nicole Lee Holm appeals the trial court's decision awarding grandparent visitation rights to Robert George William DeGraeve, Nicole's father. We affirm.

Nicole has three children; each child has a different father. Nicole has a history of drug abuse and emotional problems.

In 1997, Robert and his wife Mel were awarded guardianship of Nicole's son Z. Nicole consented to the guardianship. Z. lived with Robert and Mel from June 1997 to October 2000.

Mel testified that during the guardianship, Nicole "barely acknowledged Z. was alive." Mel testified that Nicole stated she did not really love Z. because she did not love his father.

Z. returned to Nicole's home in October 2000, but continued to visit Robert and Mel every other weekend. In February 2001, Nicole terminated Z.'s contact with Robert and Mel.

In March 2001, Robert filed a petition for grandparent visitation with all three of Nicole's children. Nicole filed an answer, claiming that Robert had been "disruptive in the children's lives." She also claimed that Robert threatened and harassed her and her husband. The petition was heard by the trial court in August 2001.

The trial court did not find Nicole to be an unfit parent; however, it found that Nicole's refusal to allow Robert visitation was motivated by "feelings of antipathy and dislike for her stepmother and her anger with her father."

The trial court found that there was a substantial relationship between Robert and Z. and visitation was in Z.'s best interests. Such a finding overcame the presumption that Nicole was acting in Z.'s best interests. Accordingly, the trial court granted Robert visitation with Z. and ordered mediation to establish a visitation schedule. In November 2001, the trial court approved the mediator's visitation schedule. Nicole appeals.

Nicole argues that the trial court erred by allowing visitation absent a finding that she was an unfit parent.

In cases involving grandparent visitation, we review the evidence in a light most favorable to the prevailing party below to determine if substantial evidence exists to support the trial court's findings. Substantial evidence is evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issue can be reasonably resolved. *Kansas Dept. of SRS v. Paillet*, 270 Kan. 646, 653, 16 P.3d 962 (2001).

K.S.A. 38-129 reads, in relevant part:

"The district court may grant the grandparents of an unmarried minor child reasonable visitation rights to the child during the child's minority upon a finding that the visitation rights would be in the child's best interests and when a substantial relationship between the child and the grandparent has been established."

The United States Supreme Court in *Troxel v. Granville*, 530 U.S. 57, 147 L. Ed. 2d 49, 120 S.Ct. 2054 (2000), recognized that a parent's interest over the care, custody, and control of his or her children is perhaps the oldest of the fundamental liberty interests recognized in this country. 530 U.S. at 65. Historically, the law has recognized that natural bonds of affection lead parents to act in the best interests of their children. Accordingly, so long as a parent adequately cares for his or her children, there will normally be no reason for the State to inject itself into the private realm of the family and question the ability of that parent to make the best decisions concerning the rearing of that parent's children. 530 U.S. at 68-69.

K.S.A. 38-129 makes no reference to a prerequisite finding of parental unfitness. Moreover, neither *Troxel* nor *Paillet* establish a bright line rule requiring a finding of parental unfitness as a prerequisite to grandparent visitation. See *In re T.A.*, 30 Kan. App. 2d 30, 34, 38 P.3d 140 (2001). There is a fundamental presumption that a fit parent will act in the best interests of his or her child in determining visitation under K.S.A. 38-129. However, a parent's determination of what is in the child's best interests is not always absolute; otherwise the parent could arbitrarily deny grandparent visitation without the grandparents having any recourse. *T.A.*, 30 Kan. App. 2d at 34.

A trial court is not required to make a finding of parental unfitness before awarding grandparent visitation. Nicole's argument to the contrary is not supported by the statute or relevant case law.

In order for the trial court to grant grandparent visitation, the court must find that a substantial relationship exists between the grandparent and the child and that the visitation is in the child's best interests. See *Paillet*, 270 Kan. at 653. The burden of proof is upon the grandparent to prove these elements. *T.A.*, 30 Kan. App. 2d at 34-35.

The trial court correctly noted that Robert bore the burden to overcome the presumption that Nicole was acting in her children's best interests. Robert presented testimony from numerous witnesses, all of whom had first-hand knowledge of Robert's relationship with all of the children, particularly Z.

It is undisputed that Z. resided with Robert from June 1997 to October 2000. The guardianship began when Z. was 6 months old. Z. did not see Nicole from August 1997 to February 2000, at which time supervised visitations were initiated. Notwithstanding the fact that Nicole was granted visitation with Z., she missed at least 1 month of visits.

Nicole testified that Robert was trying to control her through the children. Nicole wanted her father and Mel to "change their attitudes" toward her. Nicole specifically wanted them to "stop trying to make [her] life difficult by going in and testifying, ganging up and testifying with this person; and basically, just that." Nicole admitted that she did not contribute to Z.'s care while he was in Robert's home.

Nicole and her current husband do not appear to have a harmonious relationship. Robert's home serves as a gathering place for the family, which includes a large number of cousins. Nicole has not allowed Z. to have contact with his relatives.

We agree with the trial court that Robert had a substantial relationship with Z., and he successfully overcame the presumption that Nicole was acting in Z.'s best interests. Accordingly, the trial court did not err in granting Robert visitation with Z.

Nicole requested that she be awarded attorney fees pursuant to K.S.A. 38-131. The trial court denied her request.

K.S.A. 38-131 reads:

"Costs and reasonable attorney fees shall be awarded to the respondent in an action filed pursuant to K.S.A. 38-129 *et seq.* unless the court determines that justice and equity otherwise require."

On appeal, Nicole cites no authority for her request other than the statute. She maintains that because the statute uses the word "shall," it is mandatory that she be awarded attorney fees. She

completely ignores the phrase "unless the court determines that justice and equity otherwise require."

Nicole interjects an equity argument, stating that she is an unemployed mother of three children and cannot pay her attorney fees. Nicole maintains that she acted in her child's best interests.

Generally, an award of attorney fees rests within the sound discretion of the trial court, and its determination will not be disturbed on appeal in the absence of an abuse of discretion. *York v. InTrust Bank, N.A.*, 265 Kan. 271, 307, 962 P.2d 405 (1998).

Where the trial court made no finding on the issue of justice and equity, petitioner must pay respondent's attorney fees. *Spradling v. Harris*, 13 Kan. App. 2d 595, 602-03, 778 P.2d 365, *rev. denied* 245 Kan. 786 (1989).

Vindictiveness on the part of the respondent in a case brought under K.S.A. 38-129 is a finding that supports the trial court's reasoning in denying the respondent attorney fees. In the instant case, the trial court found that Nicole withheld visitation for "vindictive purposes" that were not in the best interests of Z. and refused to award Nicole attorney fees. The trial court did not abuse its discretion by finding that the interests of justice and equity required that attorney fees not be awarded to Nicole.

Affirmed.