No. 118,189

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Paternity of M.V., By and Through
Her Natural Mother and Guardian K.V.,
*Appellant*,

v.

T.R. and K.R.,
*Appellees*.

SYLLABUS BY THE COURT

1.

Whether a right to due process has been violated is a question of law over which an appellate court exercises unlimited review.

2.

The Fourteenth Amendment to the United States Constitution provides that no state shall deprive any person of life, liberty, or property, without due process of law. The United States Supreme Court has stated that perhaps the oldest of the fundamental liberty interests is a fit parent's right to the care, custody, and control of his or her children.

3.

Under K.S.A. 2017 Supp. 23-3301(b), the district court may grant grandparent visitation rights upon finding that the visitation rights would be in the child's best interests and when a substantial relationship between the child and the grandparent has been established. The district court must make both findings before grandparent visitation may be granted. The burden is on the grandparent to prove these elements.

4.

When considering a parent's constitutional due process rights, the best interest of the child standard alone is an insufficient basis to award grandparent visitation. A court must presume that a fit parent is acting in the child's best interests and must give special weight to the parent's proposed visitation schedule. A court cannot reject a fit parent's visitation plan without finding it is unreasonable. But a parent's determination is not always absolute because otherwise the parent could arbitrarily deny grandparent visitation without the grandparent having any recourse.

5.

K.S.A. 2017 Supp. 23-3304 provides that in an action for grandparent visitation, costs and reasonable attorney fees shall be awarded to the respondent unless the court determines that justice and equity otherwise require.

Appeal from Reno District Court; PATRICIA MACKE DICK, judge. Opinion filed June 1, 2018. Reversed and remanded with directions.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*K.R.*, appellee pro se.

Before SCHROEDER, P.J., MALONE, J., and STUTZMAN, S.J.

MALONE, J.:  K.V. (Mother) appeals the district court's decision in this paternity action granting grandparent visitation time to K.R. (Grandmother). Mother claims the district court violated her constitutional due process rights by adopting Grandmother's visitation plan without finding that Mother's visitation plan was unreasonable. Mother also claims the district court erred in not assessing attorney fees against Grandmother as required by statute. We agree with Mother that the district court violated her due process rights by ordering grandparent visitation time on a schedule different from what Mother

had offered without finding that Mother's visitation plan was unreasonable. Thus, we reverse the district court's grandparent visitation order and remand for further proceedings consistent with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

On December 2, 2009, K.V. filed a petition in district court for an order finding T.R. (Father) to be the father of M.V., born in 2009, and for orders establishing joint custody and child support for M.V. Father acknowledged paternity and the parties initially agreed to orders establishing joint custody, parenting time, and child support. But over the years, many disputes arose between Mother and Father over parenting time and child support, and the parties often were back in court to resolve their differences.

On January 27, 2017, paternal Grandmother filed a motion in the paternity action requesting an order for grandparent visitation time. To support her motion, Grandmother alleged that she had established a relationship with M.V. and that it was in M.V.'s best interests to continue that relationship. Grandmother proposed that she have visitation with M.V. on the second weekend of each month from 5:30 p.m. on Friday to 5:30 p.m. on Sunday, as well as other times. Mother filed a response to the motion and asserted that the Kansas Parentage Act does not allow for grandparent visitation in a paternity case. Mother also requested that Grandmother reimburse her for attorney fees.

On March 15, 2017, the district court held a hearing on Grandmother's motion, although a transcript of the hearing is unavailable due to technical errors. According to the journal entry, the district court found that a substantial relationship existed between Grandmother and M.V. and that visitation rights would be in M.V.'s best interests. The district court also cited *In re T.N.Y.*, 51 Kan. App. 2d 956, 360 P.3d 433 (2015), for the proposition that grandparents may assert visitation rights in a paternity action, and not just in divorce cases. The district court granted Grandmother's request for visitation with

3

M.V. on the second weekend of each month from 5:30 p.m. on Friday to 5:30 p.m. on Sunday. The district court also ordered that exchanges for the visits should take place at the same location in Haven, Kansas, used by the parents for Father's parenting time. Finally, the district court denied Mother's request for reimbursement of attorney fees.

On March 31, 2017, Mother filed a motion for reconsideration with the district court. Mother also filed a proposed visitation plan allowing Grandmother to have visitation with M.V. on the second Saturday of each month from noon until 5 p.m., rather than the entire weekend under the original order. Mother's proposed visitation plan also specified that Grandmother would pick up M.V. for visitation at Mother's house, rather than at the location in Haven, Kansas. The motion also requested the district court to award reasonable attorney fees to Mother under K.S.A. 2017 Supp. 23-3304.

The district court held a hearing on Mother's motion for reconsideration on May 19, 2017. At the hearing, Mother acknowledged that Grandmother should have visitation with M.V. In fact, Mother personally addressed the court and stated: "I'm okay with [M.V.] seeing her grandparents. She needs to see her grandparents, all of them." But Mother requested the district court to modify the visitation schedule to exclude overnight visits. To support her request, Mother raised two primary concerns: (1) Grandmother had an unknown man living at her residence, and (2) Grandmother sometimes took M.V. to the jail to see Father who was facing child sex abuse charges, and these visits violated a court order and were against Mother's wishes. Mother asked the district court to adopt her proposed visitation plan as being reasonable.

Grandmother addressed the court and explained that her ex-boyfriend had suffered a stroke and stayed with her for a while, but he was no longer living at her residence. Grandmother acknowledged that she took M.V. to see Father in jail sometimes because she thought it might relieve some of M.V.'s anxieties. Finally, Grandmother complained to the court that Mother was not allowing M.V. to talk with her on the phone.

4

On May 19, 2017, the same day as the hearing, the district court filed a memorandum opinion and journal entry denying Mother's request to modify the visitation order. The district court reaffirmed the original grandparent visitation schedule for overnight visitation one weekend each month and also granted Grandmother an additional 15-minute phone call with M.V. each week. The district court found that the original grandparent visitation schedule was reasonable because Father was not currently able to exercise visitation with M.V. while he was incarcerated. The district court noted that Grandmother's ex-boyfriend was no longer living at her residence, but the court did not address Mother's concern about Grandmother taking M.V. to see Father in jail. The district court did not mention Mother's proposed visitation plan in making its ruling, and the court made no finding that Mother's visitation plan was unreasonable. Finally, the district court denied Mother's request for attorney fees, finding that Grandmother is not better off financially than Mother and it was Mother who had brought the case back to court for a hearing. Mother timely appealed the district court's decision.

On appeal, Mother claims the district court violated her constitutional due process rights by adopting Grandmother's visitation plan without finding that Mother's visitation plan was unreasonable. She also claims the district court erred in not assessing attorney fees against Grandmother because the statute requires the court to assess such costs against the grandparent absent specific findings. We will address each claim in turn.

GRANDPARENT VISITATION ORDER

Mother first claims the district court violated her constitutional due process rights by adopting Grandmother's visitation plan without finding that Mother's visitation plan was unreasonable. Specifically, Mother asserts that the district court violated her due process right under the Fourteenth Amendment to the United States Constitution to raise her child as she sees fit. She asserts that the constitutional right of a parent to raise his or her child is a fundamental right to which the court must give great deference. Mother also

contends there is no indication that the district court presumed she was a fit parent who was acting in her child's best interests. She asks that her case be remanded for the district court to consider her proposed visitation plan and to give special weight to her wishes.

Conversely, Grandmother argues that the district court correctly found that the original visitation order was reasonable given that Father cannot exercise parenting time because of his incarceration. Grandmother also contends that there is no indication that Mother ever presented a proposed visitation plan to the court. Accordingly, Grandmother asks this court to uphold the district court's decision.

Whether a right to due process has been violated is a question of law over which an appellate court exercises unlimited review. *In re K.E.*, 294 Kan. 17, 22, 272 P.3d 28 (2012). Generally, a constitutional issue may not be raised for the first time on appeal unless: (1) the claim asserted involves only questions of law and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent a denial of fundamental rights; or (3) the district court is right but for the wrong reason. *State v. Dukes*, 290 Kan. 485, 488, 231 P.3d 558 (2010). Under Kansas Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34), the appellant must invoke one of these exceptions and explain why an issue not raised in district court should be addressed on appeal. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015).

Mother asserted her constitutional due process claim at the hearing on May 19, 2017, but she only argued the constitutional considerations in passing. In any event, to the extent that Mother is asserting her constitutional claim for the first time on appeal, she invokes exceptions (1) and (2) in her brief. We agree with Mother that this issue involves only a question of law which is determinative of the case and consideration of the claim is necessary to serve the ends of justice or to prevent a denial of fundamental rights. Thus, Mother's constitutional claim is properly before this court.

The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." The United States Supreme Court has stated that "perhaps the oldest of the fundamental liberty interests" is a fit parent's right to the care, custody, and control of his or her children. *Troxel v. Granville*, 530 U.S. 57, 65, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000).

At common law, grandparents had no legal right to override a parent's wish to deny contact with a child. *In re Hood*, 252 Kan. 689, 691-94, 847 P.2d 1300 (1993); Elrod, Child Custody Practice & Procedure § 7:6 (2018). In the last 50 years, most states have enacted statutory visitation rights for grandparents when a court finds it is in the child's best interests. 2 Elrod, Kansas Law and Practice, Kansas Family Law § 13:10 (2017-2018 ed.). The Kansas grandparent visitation statute has been amended several times since it was first enacted in 1971. See L. 1971, ch. 149, § 1. The statute is now found at K.S.A. 2017 Supp. 23-3301, and states:

> "(a) In an action under article 27 of chapter 23 of the Kansas Statutes Annotated, and amendments thereto, grandparents and stepparents may be granted visitation rights.
>
> "(b) The district court may grant the grandparents of an unmarried minor child reasonable visitation rights to the child during the child's minority upon a finding that the visitation rights would be in the child's best interests and when a substantial relationship between the child and the grandparent has been established.
>
> "(c) The district court may grant the parents of a deceased person visitation rights, or may enforce visitation rights previously granted, pursuant to this section, even if the surviving parent has remarried and the surviving parent's spouse has adopted the child. Visitation rights may be granted pursuant to this subsection without regard to whether the adoption of the child occurred before or after the effective date of this act."

K.S.A. 2017 Supp. 23-3301(a) only provides for grandparent visitation "[i]n an action under article 27 of chapter 23 of the Kansas Statutes Annotated," which includes divorce proceedings. The statute does not expressly allow a grandparent to assert

visitation rights in a paternity action. But in *In re T.N.Y.*, this court held that limiting grandparent visitation only to divorce proceedings violates the equal protection rights of children whose parents never married. 51 Kan. App. 2d at 969-70. This court struck the offending language from the current grandparent visitation statute, resulting in a determination that a grandparent can assert visitation rights in a paternity action. 51 Kan. App. 2d at 969-70. In the appeal before us, Mother does not challenge Grandmother's statutory right to seek visitation under K.S.A. 2017 Supp. 23-3301.

Under K.S.A. 2017 Supp. 23-3301(b), the district court may grant grandparent visitation rights upon "finding that the visitation rights would be in the child's best interests and when a substantial relationship between the child and the grandparent has been established." The district court must make both findings before grandparent visitation may be granted. The burden is on the grandparent to prove these elements. *In re Cathey*, 38 Kan. App. 2d 368, 373, 165 P.3d 310 (2007). Here, the district court expressly found that a substantial relationship existed between Grandmother and M.V. and that visitation rights would be in M.V.'s best interests. Mother does not challenge these findings on appeal. Thus, Grandmother satisfied her burden to establish visitation rights with M.V. under the Kansas statute.

That said, in *Troxel*, the United States Supreme Court reaffirmed the fundamental right of parents to raise their children free of state interference. In doing so, the Supreme Court acknowledged that although the nationwide enactment of grandparent visitation statutes was likely caused by changing family demographics, it emphasized that parents still retained their fundamental right to make decisions regarding the care, custody, and control of their children. 530 U.S. at 64-65. In finding Washington's grandparent visitation statute unconstitutional, the Supreme Court found that it is improper to disregard decisions made by a fit parent about visitation based solely on a determination of the child's best interests. 530 U.S. at 67. Accordingly, the Supreme Court held that when a "fit parent's decision [regarding grandparent visitation] becomes subject to

judicial review, the court must accord *at least some special weight* to the parent's own determination." (Emphasis added.) 530 U.S. at 70.

The holding in *Troxel* has been adopted and applied in Kansas. In *Kansas Dept. of SRS v. Paillet*, 270 Kan. 646, 16 P.3d 962 (2001), the father died in a car accident shortly after his child was born, and the paternal grandparents petitioned for visitation. The district court granted visitation, finding that it was in the child's best interests and that a substantial relationship had been established between the child and the grandparents. 270 Kan. at 647-48. While the case was pending on appeal, the United States Supreme Court released its decision in *Troxel,* and our Supreme Court permitted the mother to raise a due process argument like the one raised in *Troxel.* Although our Supreme Court upheld the then-existing grandparent visitation statute on its face, noting that the statute was not nearly as broad as the statute addressed in *Troxel*, it found that applying the statute to the facts of the case violated the mother's due process rights. 270 Kan. at 657-60. More specifically, it found that "[t]he trial court made no presumption, as required by *Troxel,* that a fit parent will act in the best interests of his or her child." 270 Kan. at 658.

In *In re T.A.*, 30 Kan. App. 2d 30, 38 P.3d 140 (2001), the mother appealed the district court's decision ordering grandparent visitation on a schedule different from the schedule the mother had offered. The district court found that the mother was a fit parent, that substantial bonding had occurred between the grandparents and the child, and that it was in the best interests of the child to continue some contact with the grandparents. 30 Kan. App. 2d at 31. In reversing the district court's order, this court held that the district court "should presume that a fit parent is acting in the best interests of the child and not substitute its judgment for the parent's, absent a finding of unreasonableness." 30 Kan. App. 2d at 35. But this court also observed that "a parent's determination is not always absolute; otherwise the parent could arbitrarily deny grandparent visitation without the grandparents having any recourse." 30 Kan. App. 2d at 34.

9

Similarly, in *In re Creach*, 37 Kan. App. 2d 613, 621, 155 P.3d 719 (2007), the district court did not make sufficient findings for this court to determine why the parents' proposed plan was not adopted or "why the grandmother's proposed visitation plan was not revised to address the parents' concerns." 37 Kan. App. 2d at 621. Because it was unclear whether the district court applied the *Troxel* presumption, this court found it was impossible to determine whether the district court interfered with the parents' due process right to parent their children. 37 Kan. App. 2d at 621. As a result, this court remanded the case to the district court to make sufficient findings and "to apply the *Troxel* presumption that fit parents act in the best interests of their children and that their opinions on grandparent visitation should be given special weight." 37 Kan. App. 2d at 621.

To sum up these decisions, when considering a parent's constitutional due process rights, the best interest of the child standard alone is an insufficient basis to award grandparent visitation. A court must presume that a fit parent is acting in the child's best interests and must give special weight to the parent's proposed visitation schedule. A court cannot reject a fit parent's visitation plan without finding it is unreasonable. But a parent's determination is not always absolute because otherwise the parent could arbitrarily deny grandparent visitation without the grandparent having any recourse.

Returning to our facts, the district court found that a substantial relationship existed between Grandmother and M.V. and that grandparent visitation was in M.V.'s best interests, as required by statute. However, the record is unclear on whether the district court adhered to the *Troxel* presumption. The district court did not expressly find that Mother was a fit parent, but there was no evidence to suggest otherwise. Thus, the district court needed to presume that Mother was acting in M.V.'s best interests, and it needed to give special weight to her proposed visitation schedule. The court should not have rejected Mother's visitation schedule without finding that it was unreasonable.

Mother filed her proposed grandparent visitation plan with the district court before the hearing on May 19, 2017, and her counsel referred to the visitation plan during his arguments to the court. Thus, the record on appeal contradicts Grandmother's assertion that Mother failed to present a proposed visitation plan to the district court. The district court did not mention Mother's proposed visitation plan in making its ruling for grandparent visitation. While the district court ruled that the original grandparent visitation schedule should stay in place because it was a reasonable arrangement, it did not explain why it thought Mother's proposed plan was unreasonable. In making its ruling, the district court did not address Mother's concern that Grandmother took M.V. to the jail in violation of a court order to see Father who was facing child sex abuse charges, although it was completely reasonable for Mother to be upset by this action.

The district court needed to presume that Mother was acting in M.V.'s best interests, and it needed to give special weight to Mother's proposed visitation schedule. When the record does not reflect that the district court even considered Mother's proposed visitation plan and never found it to be unreasonable, we must reverse the district court's grandparent visitation order and remand for the district court to conduct the proper analysis under *Troxel* and related Kansas cases. On remand, the district court must make appropriate findings to justify its grandparent visitation order and cannot reject Mother's proposed visitation plan without finding it is unreasonable.

## ATTORNEY FEES

Next, Mother claims the district court erred in not assessing attorney fees against Grandmother as required by statute. Mother argues that the district court should have awarded her costs and reasonable attorney fees under K.S.A. 2017 Supp. 23-3304 and that the court provided no explanation for denying them. Grandmother asserts that the district court found that justice and equity required that no fees should be assessed against her. Grandmother points out that in denying Mother's request for attorney fees, the

11

district court found that Grandmother is not better off financially than Mother and it was Mother who had brought the case back to court for a hearing.

Generally, an award of attorney fees rests within the sound discretion of the district court, and its determination will be not disturbed on appeal absent an abuse of discretion. *DeGraeve v. Holm*, 30 Kan. App. 2d 865, 869, 50 P.3d 509 (2002). To the extent that resolution of this issues involves statutory interpretation, we have unlimited review. *Neighbor v. Westar Energy, Inc.,* 301 Kan. 916, 918, 349 P.3d 469 (2015).

K.S.A. 2017 Supp. 23-3304 provides that in an action for grandparent visitation, "[c]osts and reasonable attorney fees shall be awarded to the respondent . . . unless the court determines that justice and equity otherwise require." When dealing with attorney fees in grandparent visitation cases, "[t]he legislature clearly intended that the petitioner (grandparents) pay the costs and the attorney fees unless the trial court specifically finds that justice and equity require otherwise." *In re Cathey*, 38 Kan. App. 2d at 377.

Here, the district court denied Mother's request for attorney fees, finding that Grandmother is not better off financially than Mother and it was Mother who had brought the case back to court for a hearing. The district court did not expressly find that "justice and equity" required the denial of Mother's request for attorney fees, but perhaps the district court intended for its finding to satisfy the statutory language. In any event, the district court made this finding without properly analyzing Mother's constitutional rights, and the court must reevaluate the finding after it conducts the proper analysis. On remand, the district court must reconsider Mother's request for attorney fees, and the court shall grant the request unless it expressly finds that justice and equity require otherwise.

Reversed and remanded with directions.