NOT DESIGNATED FOR PUBLICATION

No. 125,139

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

K.S.,
*Appellant*,

v.

D.C.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; DAN K. WILEY, judge. Opinion filed February 10, 2023. Reversed and remanded with directions.

*John W. Fresh*, of Farris, Fresh & Werring, of Atchison, for appellant.

*Gary A. Nelson*, of Gary A. Nelson, P.A., of Leavenworth, for appellee.

Before CLINE, P.J., ISHERWOOD, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: This case arises out of a dispute between grandmothers regarding their granddaughter, S.W., who was born in 2009. K.S. is S.W.'s paternal grandmother, and D.C. is S.W.'s maternal grandmother. The State initiated child in need of care proceedings on behalf of S.W. To avoid having their parental rights terminated, S.W.'s parents agreed to a permanent custodianship for S.W., and in 2013 the district court appointed K.S. as permanent custodian with visitation rights for D.C.

The parties are well acquainted with the facts and the court proceedings that followed, so we need not recount all of them here. It suffices to say that the disputes between the grandmothers regarding visitation have been ongoing since the district court

1

appointed K.S. as permanent custodian. This appeal arises out of proceedings in Leavenworth County in which K.S. sought to reduce D.C.'s visitation time with S.W. After hearing the matter, the district court denied K.S.'s request and ordered a visitation schedule commensurate with past visitation schedules.

K.S. appeals, arguing the district court misinterpreted or misapplied K.S.A. 2021 Supp. 23-3301: (1) in not giving her proposed visitation plan the required deference K.S. was entitled to as her grandchild's permanent custodian; (2) in failing to apply the presumption that K.S. acted in S.W.'s best interests and in making no finding that K.S. was not acting in S.W.'s best interests; (3) in presuming that grandparent visitation with D.C. was in S.W.'s best interests; and (4) in relieving D.C. of her burden to show grandparent visitation was in S.W.'s best interests.

K.S.'s claims present issues of law over which we have unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

K.S.A. 2021 Supp. 23-3301(b) allows the district court to "grant the grandparents of an unmarried minor child reasonable visitation rights to the child during the child's minority upon a finding that the visitation rights would be in the child's best interests and when a substantial relationship between the child and the grandparent has been established." The district court must make findings on both these issues before granting grandparent visitation. Moreover, the burden is on the grandparent seeking visitation to prove these elements. *In re Paternity of M.V.*, 56 Kan. App. 2d 28, 34, 422 P.3d 1178 (2018). Here, there is no dispute that S.W. and D.C. have a substantial relationship. The child's best interests remain at issue.

*Constitutional Presumption*

In *Troxel v. Granville*, 530 U.S. 57, 65, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000), the United States Supreme Court recognized the fundamental liberty interest of parents in the care, custody, and control of their minor children. Thus, courts cannot disregard decisions made by fit parents regarding visitations based solely on a determination of a child's best interests. 530 U.S. at 67. Rather, courts must afford special weight to a parent's own decision when considering a fit decision regarding grandparent visitation. 530 U.S. at 70; see *Kansas Dept. of SRS v. Paillet*, 270 Kan. 646, 658, 16 P.3d 962 (2001).

As stated in *In re Paternity of M.V.*:

"[W]hen considering a parent's constitutional due process rights, the best interest of the child standard alone is an insufficient basis to award grandparent visitation. A court must presume that a fit parent is acting in the child's best interests and must give special weight to the parent's proposed visitation schedule. A court cannot reject a fit parent's visitation plan without finding it is unreasonable. But a parent's determination is not always absolute because otherwise the parent could arbitrarily deny grandparent visitation without the grandparent having any recourse." 56 Kan. App. 2d at 36.

The key feature of this case is the fact that grandmother K.S. is calling the shots, not S.W.'s parents. But as S.W.'s permanent custodian, the fundamental parental liberty interest announced in *Troxel* inures to the benefit of K.S. K.S.A. 2021 Supp. 38-2268(c)(1) provides that once a permanent custodian is appointed, "such individual shall stand in loco parentis to the child and shall have and possess over the child all the rights of a legal guardian." Put differently, K.S., as permanent custodian, has the same rights regarding S.W. that a parent would have.

Here, the core findings of the district court are as follows:

"[T]here's no doubt that grandparent parenting time is appropriate, that there's a bond between [D.C.] and the child. That was established long ago. . . . [T]he position of the permanent custodian here, [K.S.], is the child doesn't want as much contact as the child had in the past and it's not in the best interests of the minor child to have that much contact.

"The Court . . . finds that [K.S.'s] plan, as submitted today . . ., is—is not reasonable for the reason that we have a long history of a grandparent visitation that's much more substantial than what is being proposed. . . .

. . . .

"I am going to return to the parenting time that existed prior to the permanent custodian, [K.S.], moving to Colby and now has moved back because . . . that is the recommendation from the child custody investigator. I've read that, that's part of the evidence in the case. I think his rationale—and what he's put forth is—is pretty well done, and so I think that, at this point in time, is in the best interests of the minor child."

K.S. is correct that the district court did not expressly find her to be a fit parent, though the tenor of the court's comments do not suggest otherwise. Moreover, K.S. necessarily had already been determined to be a fit parental substitute when she was appointed permanent custodian of her grandchild.

But in considering the district court's ruling, we have no indication that the court had in mind the special weight that courts must afford a fit permanent custodial grandmother's decision regarding her grandchild's visitation with her other grandmother. Thus, we cannot determine whether the district court interfered with K.S.'s due process right (as her grandchild's permanent custodian) to parent her grandchild.

As a result, we must remand the case to the district court to make sufficient findings and to apply the *Troxel* presumption in present context, i.e., that a fit grandmother who is the permanent custodian of her grandchild acts in the best interests of her grandchild and that her opinions on grandparent visitation are given special weight.

4

See *In re Creach*, 37 Kan. App. 2d 613, 621, 155 P.3d 719 (2007); see also *Davis v. Heath*, 35 Kan. App. 2d 86, 93, 128 P.3d 434 (2006) (affirming trial court's order of grandparent visitation only after pointing out the trial court correctly recognized *Troxel* presumption).

*Best Interests of the Child*

Before allowing grandparent visitation, the district court must find that a substantial relationship (bond) has been established between grandparent and grandchild and that visitation would be in the grandchild's best interests. See K.S.A. 2021 Supp. 23-3301(b). In addition, the district court "may modify an order granting or denying parenting time or visitation rights whenever modification would serve the best interests of the child." K.S.A. 2021 Supp. 23-3302(a).

K.S. claims the district court erred by presuming that grandparent visitation with D.C. was in S.W.'s best interests, and the district court relieved D.C. of her burden to show grandparent visitation was in S.W.'s best interests. But that fact had already been established when the court appointed K.S. as her grandchild's permanent custodian and D.C. was granted grandparent visitation, and by her motion, K.S. was seeking to set aside that earlier finding of best interests. Moreover, K.S. disregards the district court's finding, stated earlier, regarding the report from the child custody investigator which the court relied on. In that report, after interviewing the two grandmothers and their grandchild, the investigator recommended D.C. have visitation with S.W. following a specifically defined schedule and such other times as the parties could agree upon. The court stated:

> "I am going to return to the parenting time that existed prior to the permanent custodian, [K.S.], moving to Colby and now has moved back because, one, that is the recommendation from the child custody investigator. I've read that, that's part of the

5

evidence in the case. I think his rationale and—and what he's put forth is—is pretty well done, and so I think that, at this point in time, is in the best interests of the minor child."

We are not persuaded by K.S.'s best interests argument.

Reversed and remanded with directions.